for Ten (10) years under Section 46-18-201, MCA, to run concurrently with Counts I and II; and Count IV: Criminal Possession of Dangerous Drugs, a felony, in violation of Section 45-9-102, MCA, committed to Montana State Prison for Ten (10) years under Section 46-18-201, MCA, to run concurrently with Counts I, II and III; Defendant designated as a Persistent Felony Offender for sentencing; Court recommends screened for boot camp if not accepted placed at a DOC facility; credit for pre-trial incarceration from 2/20/2013 thru 9/12/2013; and other terms and conditions given in the Judgment on September 12, 2013. Count V: Criminal Possession of Dangerous Drugs, a felony; and Count VI: Criminal Possession of Drug Paraphernalia, a misdemeanor, were Dismissed.

On February 27, 2014, the Defendant's Application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court (hereafter "the Division").

The Defendant was present and was represented by Ed Sheehy, Jr., Montana Office of Public Defender. The State was not represented.

Before hearing the Application, the Defendant was advised that the Division has the authority not only to reduce the sentence or affirm it, but also increase it. The Defendant was further advised that there is no appeal from a decision of the Division. The Defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 12, Rules of the Sentence Review Division of the Supreme Court of Montana, provides that, "The sentence imposed by the District Court is presumed correct. The sentence shall not be reduced or increased unless it is clearly inadequate or clearly excessive." (Section 46-18-904(3), MCA).

The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is clearly inadequate or clearly excessive.

Therefore, it is the unanimous decision of the Division that the sentence shall be AFFIRMED.

Done in open Court this 27th day of February, 2014.

DATED this 31st day of March, 2014.

Chairperson, Hon. Brad Newman, Member Hon. Kathy Seeley and Member Hon. Brenda Gilbert.

STATE OF MONTANA,
    Plaintiff,

-vs-

DOUGLAS ROBERT SCHMIDT,
    Defendant.

CAUSE NO. DC-12-109(C)
DECISION

On September 12, 2013, the Defendant was sentenced for Driving Under the Influence of Alcohol and/or Drugs, a felony, in violation of Section 61-8-401(1), MCA, committed to the Department of Corrections for a period of Five (5) years to run consecutive with the Dawson County Case, Cause No. DC-09-037; and other terms and conditions given in the Judgment and Sentence on September 12, 2013.

On February 27, 2014, the Defendant's Application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court (hereafter "the Division").

The Defendant was present by Vision Net from the Crossroads Correctional Center in Shelby, Montana. The Defendant was represented by Brooke Perkins, an intern with the Montana Office of Public Defender, under the supervision of Ed Sheehy, Jr., Attorney

at Law. The State was represented by Kenneth Park, Deputy Flathead County Attorney.

Before hearing the Application, the Defendant was advised that the Division has the authority not only to reduce the sentence or affirm it, but also increase it. The Defendant was further advised that there is no appeal from a decision of the Division. The Defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 12, Rules of the Sentence Review Division of the Supreme Court of Montana, provides that, "The sentence imposed by the District Court is presumed correct. The sentence shall not be reduced or increased unless it is clearly inadequate or clearly excessive." (Section 46-18-904(3), MCA).

The Defendant argued that "Probation Condition No. 27" on Page 6 of the Judgment and Sentence dated November 14, 2013, was contradictory and confusing. The Defendant requested that such condition be stricken in its entirety. The State did not oppose the request. Upon review, it is clear that the text of "Probation Condition No. 27" does not, in fact, address any condition of probation. Moreover, the text of "Probation Condition No. 27" is contradictory to the sentence imposed by the District Court in this action. It is the unanimous decision of the Division that the Defendant is entitled to modification of the Judgment and Sentence dated November 14, 2013. Specifically, "Probation Condition No. 27" shall be stricken from the Judgment and Sentence in its entirety. The remaining terms and conditions of the sentence imposed are not clearly inadequate or clearly excessive and are AFFIRMED.

Done in open Court this 27ᵗʰ day of February, 2014.

DATED this 31ˢᵗ day of March, 2014.

Chairperson, Hon. Brad Newman, Member Hon. Kathy Seeley and Member Hon. Brenda Gilbert.